ROSE IVANHOE, Appellant, *v.* CITY REAL ESTATE COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, March Term — Filed May, 1922.

**Real property — sale at auction — agreement that sale was free of incumbrances and that taxes would be paid by seller — taxes which became a lien between time of auction and day for passing of title must be allowed out of purchase money.**

Among the terms of sale of premises sold at auction by defendant, the then owner, was the following: " All taxes, assessments and water rents which, at the time of sale, are liens upon the property will be allowed out of the purchase money provided the purchaser shall, previous to the delivery of the deed, produce proof of such liens and duplicate receipts for the payment thereof, and the existence of any unpaid tax or assessment shall not be deemed an objection to the title, provided the amount thereof is so allowed," and further that " The property will be conveyed by bargain or sale deed with good title in fee simple free from all encumbrances, except party-wall rights of an adjoining owner," etc.

When on or about October 21, 1921, the premises were struck off to plaintiff's assignor there was no tax on the property but on November 21, 1921, when the

deed was to have been delivered, taxes for the second half of 1921 were a lien on the premises. Upon the claim that they were not liens at the time of the auction sale defendant refused to pay such taxes on the ground that he was not under obligations to discharge them. Under protest plaintiff paid the purchase money and accepted a deed and brought an action to recover the amount expended by him in discharge of said lien for taxes. *Held,* that the title given, burdened as.it was with the lien of the taxes for the second half of 1921, was not in accordance with the contract and that plaintiff was entitled to recover.

A judgment in favor of defendant reversed, with costs, and judgment directed in favor of plaintiff for the full amount demanded, with interest and costs in the court below.

APPEAL by plaintiff from judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, in favor of defendant.

*Nathan Kelmenson,* for appellant.

*Harold Swain* and *Arthur H. Indell,* for respondent.

WAGNER, J.   At an auction sale of premises then owned by defendant plaintiff's assignor on or about October 21, 1921, purchased certain premises described in the terms of sale under a contract by which the deed was to be delivered on November twenty-first.   In the terms of sale are the following provisions:

" *Third.* All taxes, assessments and water rents which, at the time of sale, are liens upon the property will be allowed out of the purchase money provided the purchaser shall, previous to the delivery of the deed, produce proof of such liens and duplicate receipts for the payment thereof, and the existence of any unpaid tax or assessment shall not be deemed an objection to the title, provided the amount thereof is so allowed.

" *Fifth.* The property will be conveyed by bargain or sale deed with good title in fee simple free from all encumbrances, except party-wall rights of an adjoining owner where such walls exist and except as set forth below.   The purchaser to be entitled to the rents from the time of the acceptance of his deed."

There was no tax or assessment on the property at the time the premises were struck off to plaintiff's assignor at the auction, but at the time of the delivery of the deed taxes for the second half of 1921 amounting to $282.80 were a lien upon the premises.   Upon plaintiff's demand the defendant refused to pay these taxes on the ground that they were not liens on the property at the time of the auction sale, and, therefore, defendant was not obligated to discharge them; whereupon the plaintiff paid the purchase money and accepted a deed under protest; and the court below has sustained the defendant's contention that the obligation to pay the taxes of the second half of 1921, which became a lien November first, devolved upon the purchaser.

The cases cited by respondent in support of the judgment (*Ainslie* v. *Hicks,* 13 App. Div. 388; *Coudert* v. *Huerstel,* 60 id. 83) where provisions similar to paragraph 3d of the terms of sale in the instant case were held to require the purchaser to pay taxes which became a lien after the date of the auction sale and before the delivery of the deed, are cases of judicial sales in partition and foreclosure, and the terms of sale in those cases accordingly contain no provision as to the title to be given by the referee. In the case at hand, however, the subsequent 5th paragraph of the terms of sale provides that the purchaser shall be entitled to " good title in fee simple free from all encumbrances, except party-wall rights of an adjoining owner where such walls exist and except as set forth below," and under the exceptions specified below said paragraph 5th no tax is included. There is, therefore, much force in appellant's contention that paragraph 3d in the light of paragraph 5th was intended to relieve the seller from the obligation of the actual payment of taxes which might be a lien on the premises and to permit the seller to deduct the amount of such lien from the purchase money. The seller having specified the incumbrances subject to which the purchaser was required to take title, and no lien of a tax having been mentioned, it follows that the title given by the seller in this case, burdened as it was with the lien of the taxes for the second half of 1921, was not in accordance with the contract, and that the plaintiff was entitled to the moneys expended in the discharge of such a lien.

Judgment reversed, with $30 costs, and judgment directed in favor of plaintiff for the sum of $282.80, with interest and costs in the court below.

Guy and Cohalan, JJ., concur.

Judgment reversed.